**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JENNIFER HUSTON** **PLAINTIFF**

**V.** **No. 4:26-CV-00088-JTK**

**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

**ORDER**[1]

Plaintiff, Jennifer Huston ("Huston"), appeals the Social Security Administration Commissioner's final decision denying her application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

## I. Background

On May 25, 2023, Huston filed an application for disability benefits, alleging that her disability began on April 1, 2023. (Tr. at 85). Huston's claim was denied initially and upon reconsideration. *Id*. After an Administrative Law Judge ("ALJ") held a hearing, the ALJ issued a decision finding that Huston was not disabled. (Tr. at 85-95). The Appeals Council denied Huston's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. at 1-5).

## II. The ALJ's Decision[2]

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. (Doc. 5).

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a

Huston meets the insured status requirements of the Social Security Act through December 31, 2027. (Tr. at 87). The ALJ determined that Huston has not engaged in substantial gainful activity since April 1, 2023, the alleged onset date. *Id*. The ALJ found, at Step Two, that Huston has the following medically determinable impairments: anxiety, depression, mood disorder, hip bursitis, migraine headaches, insomnia, and restless leg syndrome.[3] *Id*.

The ALJ determined that Huston did not have an impairment or combination that significantly limited her ability to perform basis work-related activities for 12 consecutive months; therefore Huston did not have any severe impairments at Step Two. (Tr. at 88-94); 20 C.F.R. § 404.1521 *et seq*. Therefore, the ALJ concluded that Borreson was not disabled, ending the analysis at Step Two. (Tr. at 94).

## III. Discussion

### A. Standard of Review

---

listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

[3] The ALJ found no impairments to be severe, a distinction from "medically determinable impairments." The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a).

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence in the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence: in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B. Huston's Arguments for Reversal

Huston contends that the Commissioner's decision is not supported by substantial evidence because the ALJ erred at Step Two, specifically with respect to migraine headaches.[4] She claims that the ALJ should have held that migraines were a severe impairment. The Court will limit its discussion to Huston's claim about

[4] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

migraines. After carefully reviewing the record as a whole, the Court affirms the Commissioner.

Huston suffered from migraine headaches, and she claimed they impacted virtually every part of her daily life. (Tr. at 89, 124-132). She claims that migraines were triggered by stress, weather and light. *Id*. She said that as a result, she had trouble concentrating. *Id*.

However, Huston admitted to performing a variety of daily activities: she could mow and rake leaves, clean her home, cook, care for her dog, and use a computer and phone to engage with social media.[5] (Tr. at 91, 128, 367).

She also treated conservatively with medication, which she said was effective for her migraines.[6] (Tr. at 90-91, 399-402). A consultative examiner observed that migraines were "managed with medication." (Tr. at 364-365). Huston never required hospitalization for migraines. Mental status examinations were routinely normal throughout the relevant time-period.[7] (Tr. at 89-91). Huston did not see a neurologist or any other headache specialist. (Tr. at 90).

---

[5] Such daily activities undermine her claims of disability. *Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

[6] Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

[7] Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

Huston claims that her diagnosis of migraines equated to a severe impairment. However, a diagnosis alone does not mean an impairment is disabling.[8] There must be evidence showing functional loss. *Id*. Huston has not shown migraines caused significant functional loss.

The ALJ fully discussed the evidence and hearing testimony, including all that related to migraine headaches, and found that migraines were not severe. His ultimate finding that Huston was not disabled was well-supported.

## IV. Conclusion

The ALJ applied proper legal standards in evaluating Huston's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that Commissioner's decision is affirmed and judgment will be entered in favor of the Commissioner.

Dated 9th November, 2026.

UNITED STATES MAGISTRATE JUDGE

[8] *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990).